IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY COX, 613856, ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-161-K |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges Respondent's decision to deny him release to mandatory supervised release.

Petitioner is currently serving sentences for three convictions from Grayson County, Texas. In 1992, Petitioner was convicted of unauthorized use of a motor vehicle in cause number 40105. He was sentenced to twenty-five years in prison. On November 2, 2001, Petitioner was released to mandatory supervision.

While on mandatory supervision, Petitioner was convicted in two new cases.[1] On April 27, 2007, Petitioner was convicted of possession of a controlled substance in cause number 054422-15 and evading arrest in cause number 054423-15. He was sentenced to fourteen years in prison on each conviction, to run concurrently. On August 22, 2012, Respondent denied Petitioner release to mandatory supervision on these convictions.

As a result of the new convictions, Petitioner's mandatory supervision from cause number 40105 was revoked and he was returned to custody on this conviction.

In this § 2254 petition, Petitioner argues that: (1) His "holding" conviction is the 1992 conviction in cause number 40105. He states he is entitled to mandatory supervised release on this conviction and that Respondent's refusal to grant him supervised release is unlawful; and (2) Respondent is denying him release to mandatory supervision based on a statute enacted after the date of his 1992 conviction in violation of the Ex Post Facto Clause.

On April 22, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by the statute of limitations. On May 10, 2013, Petitioner filed a reply. The Court finds the petition is time-barred and is also without merit.

**II. Discussion**

**1.      Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction

---

[1] Petitioner was also convicted in a third case for possession of a controlled substance, cause number 054424-15. Petitioner has fully discharged this sentence.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

The Court determines that on the date Petitioner was sentenced on his two April 27, 2007, convictions in cause numbers 054422-15 and 054423-15 he either knew, or could have known through the exercise of due diligence, that the mandatory supervision statute in effect in 2007 would apply to his 2007 convictions. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004) (finding that on date of parole revocation petitioner knew, or could have known through the exercise of due diligence, of the loss of street-time credits); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003) (same). Petitioner then had one year, or until April 27, 2008, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of

state habeas proceedings or other collateral review. On September 14, 2012, Petitioner filed a state habeas petition challenging the denial of mandatory supervised release. *Ex parte Cox*, No. 78,770-01. This petition was filed after the limitations period expired and therefore it did not toll the limitations period.

Petitioner was required to file his § 2254 petition by April 27, 2008. He did not file his petition until January 9, 2013. His petition is therefore untimely.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**3.     Merits**

Even if the Court did not find the petition barred by limitations, the petition would fail on the merits. Petitioner argues that Respondent is applying a mandatory supervision statute to his

conviction that became effective after the date of his 1992 conviction. He argues this violates the Ex Post Facto Clause.

Eligibility for mandatory supervised release is governed by the law in effect at the time the holding offense was committed. *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005). For Petitioner's 1992 conviction, the law provided that if a prisoner was eligible for release to mandatory supervision, he would be automatically released when the actual time served plus accrued good time added up to the maximum term to which he was sentenced. TEX. CODE CRIM. PROC. art. 48.12 § 8(c) (West 1992). At the time of Petitioner's two 1997 convictions, the law had changed. The law in effect for those two convictions stated that prisoners who are eligible for mandatory supervision may be discretionarily denied release if the Parole Board determines that the inmate's accrued good time credits do not accurately reflect his potential for rehabilitation and that he would endanger the public if released. TEX. CODE CRIM. PROC. art. 48.12 § 8(c) (West 1997) (re-codified at TEX. GOV'T CODE §§ 508.147 and 508.149 (West 1999)).

Petitioner argues that his "holding" conviction is the 1992 conviction because it is the conviction that will keep him incarcerated the longest. He argues that since he is eligible for mandatory supervised release on this "holding" conviction and because this release is automatic under the 1992 law, he should be granted supervised release. The Court of Criminal Appeals, however, has clearly stated that a prisoner's "holding" conviction is "the one for which the inmate is serving a sentence." *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). In this case, Petitioner is serving three sentences and has three holding convictions. Although Petitioner may be eligible for mandatory supervised release on his 1992 conviction, the

Board has discretionarily denied him release to mandatory supervision on his 1997 convictions. The Board has not applied an ex post facto law to Petitioner's 1992 conviction. Instead, the Board has applied the mandatory supervision law in effect in 1997 to his 1997 convictions to deny him release. Petitioner has therefore failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period, and alternatively denied on the merits.

Signed this 30th day of December, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).